# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SETH OREN SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 19-CV-0302-GKF-FHM |
| TERRY HIBBERT, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Seth Oren Simmons, an inmate at the Benton County Jail in Bentonville, Arkansas, commenced this action on June 4, 2019, by filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. 1) and a motion to proceed in forma pauperis (Dkt. 2). By order filed June 24, 2019 (Dkt. 3), the Court granted Simmons leave to proceed in forma pauperis, directed him to submit an initial partial payment of $3.72 on or before July 24, 2019, identified deficiencies in the complaint, and directed Simmons to file an amended complaint. The Court also entered an order (Dkt. 4) directing officials at the Benton County Jail to submit the initial partial payment on Simmons's behalf. Simmons submitted an amended complaint (Dkt. 5) on July 25, 2019. As discussed below, the Court finds the amended complaint sufficient to state one or more plausible § 1983 claims against defendant. However, before this action may proceed, Simmons must submit the initial partial payment or show cause in writing for his failure to do so.

**A.     The amended complaint survives preliminary screening.**

Under the Prison Litigation Reform Act (PLRA), a federal district court must screen civil complaints filed by prisoners seeking redress from a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). In reviewing the complaint, the court accepts all well-pleaded facts as true and liberally construes them in plaintiff's favor. *Ashcroft v. Iqbal*, 556, U.S. 662, 678-79 (2009); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Ultimately, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In the amended complaint, Simmons claims Terry Hibbert, the administrator of the Delaware County Jail, violated his Eighth Amendment right to adequate medical care and safe living conditions in August 2018, while Simmons was detained at the Delaware County Jail in Jay, Oklahoma. Dkt. 5, at 1-3. In Count I, Simmons alleges he had serious medical needs resulting from injuries he sustained from an assault and that Hibbert knew of, but disregarded, an excessive risk to Simmons's health by failing to provide Simmons prescribed medication and access to a follow-up appointment with a surgeon. Dkt. 5, at 2, 4. Simmons alleges Hibbert's failure to provide him access to adequate medical care left Simmons with facial pain and impaired breathing. *Id.* at 3-4. In Count II, Simmons alleges Hibbert failed to provide safe living conditions and placed him at risk for additional serious injuries "or even death" by housing him in an overcrowded jail cell upon his release from

the hospital. *Id.* at 2, 5. Simmons seeks $10 million "for pain and suffering, emotional distress, punitive damages, physical damages, medical fees, and attorney and court proceeding fees." *Id.* at 5.

Under the Eighth Amendment, jail officials must, inter alia, "ensure that inmates receive adequate . . . medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment violation based on inadequate medical care, an inmate must plausibly allege that the prison official acted with "deliberate indifference to [the inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "sufficiently serious" medical need is one "diagnosed by a physician as mandating treatment or . . . so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). And a prison official acts with a "sufficiently culpable state of mind," when the official "knows of and disregards an excessive risk" to the inmate's health. *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*

Accepting Simmons's allegations at true, the Court finds them sufficient to state one or more plausible Eighth Amendment claims against Hibbert arising from Hibbert's alleged failure to provide access to adequate medical care.

**B.**     **The amended complaint is subject to being dismissed for non-payment.**

In its prior order, the Court advised Simmons that this civil action could be dismissed without prejudice to refiling if he failed to either submit the initial partial

3

payment by July 24, 2019, or show cause in writing for his failure to do so. Dkt. 3, at 2. To date, the Court has not received the previously assessed initial partial payment of $3.72. Before this action may proceed, Simmons must either submit the initial partial payment or explain his failure to pay. Thus, within 21 days from the entry of this order, Simmons shall either (1) submit the initial partial payment or (2) file a written response explaining his failure to submit the initial partial payment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that within 21 days from the entry of this order, or by **September 3, 2019**, Plaintiff shall either (1) submit an initial partial payment of **$3.72**, or (2) show cause in writing for his failure to do so. **Failure to comply with this order will result in the dismissal of this action without prejudice to refiling and without further notice.**

**DATED** this 12th day of August 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE